RENNER REALTY CO v HINES et

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 23, 1934

Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff.

E. F. Welsh, and F. L. Oesch, Youngstown, for defendants.

FUNK, J, (9th Dist) sitting by designation.

**OPINION**

**By THE COURT**

At the time the chattel mortgage in question was made and executed, the total indebtedness of the defendant is said to have been $900 for rent and $296.97 on miscellaneous bills. **First,** it is urged that the chattel mortgage is void, for the reason that it is said that it violates the provisions of §§11104, 11105 and 11106 GC, which relate to insolvency and the preference of

creditors. However, these sections do not control, for the reason that it is not claimed, nor could such claim be substantiated, that at the time of the giving of the chattel mortgage, which covered practically all of the hotel equipment, these parties, or the partnership, was insolvent, or nearly so, for the reason, as before stated, that there was but a comparatively small amount of rentals due, and likewise a small amount due on miscellaneous claims. Therefore, it must be found that the foregoing sections of the General Code do not apply in the instant case.

Next, it is asserted that the chattel mortgage is defective, because it is claimed that the defendants signed the same as individuals and not as a partnership. It is not denied that these two individuals constituted the partnership in question, and it would therefore be immaterial whether or not they signed the partnership name by their individual names, because reference is made in said chattel mortgage to T. E. Hines and Harry Andrikas, doing business as Colonial Hotel. Therefore, there could be no question as to what relation they sustained to the business of the Hotel Company.

This principle is recognized and approved in **Meier & Company v National Bank, 55 Oh St, 446; DuPont Powder Company v Jones Brothers, 10 OLR, 671.** Therefore, that objection can not avail in the instant case to establish the invalidity of the mortgage in question.

Next, it is insisted that the chattel mortgage is invalid because it does not describe the location of the Colonial Hotel, where the goods and chattels were located. It is only necessary to refer to §§65 and 66 of 1 "Jones on Chattel Mortgages and Conditional Sales" to disclose that parol testimony would be admissible to locate the Colonial Hotel, and that would solve the question of the location of the goods. Referring again to the relation of these parties; that is, to the mortgagors and mortgagee, it may be observed that it practically admitted that the mortgagee furnished this money. It is urged, however, that the mortgage was given to defraud and hinder other creditors from the successful prosecution of their claims against this Hotel Operating Company. The difficulty in this behalf is that no one testified for the defense except Thomas E. Hines and E. A. Renner. Mr. Renner is very fair and frank in his statements, but his testimony relates to the appointment of the receiver and as to whether or not these parties had made a fair and honest effort to conduct this

business, also to changes in the amount of rentals. He does not assume to say that the chattel mortgage is fraudulent in character. Thomas E. Hines, when called by the defense, testified to the manner in which their accounts were carried; that is, in the name of Harry Andrikas and T. E. Hines.

Therefore, the record does not disclose any testimony, aside from a possible inference, that the chattel mortgage was given in fraud of creditors. For the reasons given, it follows that the finding must be for the defendants and the prayer of the petition refused.

FARR and FUNK, JJ, concur.